UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LINDA F. ENGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:14-CV-006 |
| ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings, filed April 11, 2014. [Doc. 14]. Also before the Court is Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Plaintiff Linda F. England seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On April 29, 2009, Plaintiff protectively filed a Title II and Title XVIII Social Security Disability Insurance Benefits application and Title XVI application for supplemental security income with an alleged onset date of March 2003. [Tr. 191; 155-63; 35].[1] The Social Security Administration denied Plaintiff's application initially and upon reconsideration. [Tr. 62-65; 71-74]. Plaintiff timely filed her request for a hearing, and appeared before Administrative Law

---

[1] Plaintiff originally listed her alleged onset date as November 5, 1994. [Doc. 190]. This date changed to April 28, 2002 on her application and was finally amended to March 2003 during the Administrative Hearing on December 15, 2010. [Doc. 155].

Judge James Sparks, on December 15, 2010 in Knoxville, Tennessee. [Tr. 113-19; 31]. The ALJ issued an unfavorable decision on January 21, 2011. [Tr. 46-57]. Following Plaintiff's appeal, the Appeals Council vacated the decision and remanded her case for further review. [Tr. 58-61]. The Appeals Council directed the ALJ to evaluate the functional capacity assessment submitted by Dr. Jeffrey S. Summers and if necessary, procure more information from treating physicians, examining sources, and medical and vocational experts. [Id.].

A supplemental hearing was held on June 4, 2012 and the ALJ again issued an unfavorable decision on July 19, 2012. [Tr. 21-30; 6-20]. Plaintiff filed her appeal of the decision, which the Appeals Council declined to review on November 13, 2013. [Tr. 4-5; 1-3].

Having exhausted her administrative remedies, Plaintiff filed a complaint with this Court on January 7, 2014, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since November 5, 1994, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: obesity, chronic back pain; degenerative disc disease of the lumbar spine; hypertension; arthritis; and gastroesophageal reflux disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

2

(20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work. The claimant could lift/carry no more than 20 pounds. She has a limited ability to elevate her right arm overhead, as well as reach/push/pull due to shoulder pain. The claimant will have difficulty bending, stooping, kneeling, squatting, crouching, crawling, and climbing.

6. The claimant is capable of performing past relevant work as a Sewing Machine Operator II (Textile Products) or as a Housekeeper/Cleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 5, 1994, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

[Tr. 11-15].

## II.    DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

3

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled

4

pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v.

5

Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See Id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. EVIDENCE

### A. *Medical Evidence*

Plaintiff protectively filed a Title II and Title XVIII disability benefits application and Title XVI application for supplemental security income on April 29, 2009, with an alleged onset date of March 2003. [Tr. 191; 155-63; 35]. Plaintiff was 61 years old at the time of her application. [Tr. 155]. She completed a general equivalency diploma and has worked as a steel mill coating inspector, commercial cleaner, housekeeper, machine operator, production assembly line worker, salesperson, and seamstress. [Tr. 34; 207]. Plaintiff stated that she ceased work as a steel mill inspector due to her conditions in November 1994, and testified that after she left that position she started her own business cleaning houses. [Tr. 206; 34-36]. Plaintiff stated that in 2003 she decreased her work load to approximately 13 hours a month due to pain in her lower

6

back, right knee, and right arm resulting from her degenerative disc disease. [Tr. 36]. In an Adult Function Report, Plaintiff stated that her daily activities consist of cooking, cleaning houses part time, performing her own household chores, shopping, washing dishes, and light yard work. [Tr. 233-34].

Plaintiff sought treatment at Blount Memorial Hospital beginning in 2005 through 2010. [Tr. 285-315; 356-67]. In 2009, she sought treatment at Cherokee Health Systems for hypertension, esophagitis, and degenerative disc disease. [Tr. 331-38]. Dr. Renee Hyatt treated Plaintiff at Blount Memorial Hospital and Cherokee Health Systems for these impairments, prescribing Aspirin and Amlodipine and recommending iron supplements, fish oil, weight reduction, smoking cessation, decreased alcohol intake, and exercise. [Tr. 369-74].

Examining physician, Dr. Jeffrey S. Summers, conducted a consultative physical examination on August 19, 2009. [Tr. 319-20]. He noted that she presented for an evaluation of arthritis and found that Plaintiff "ambulates in normal manner with an upright posture. She requires the assistance of no external orthotics." [Tr. 319]. Dr. Summers noted that her "condition has persisted despite conservative treatment" and that she presented with "a decrease in range of motion at her lumbar spine and right shoulder." [Tr. 320]. Based on these findings, Dr. Summers assessed that Plaintiff would have:

> difficulty bending, stooping, kneeling, squatting, crouching, crawling, climbing, and lifting greater than 20 lbs. due to her back pain. Her shoulder pain will limit her ability to elevate her arm overhead, as well as reach/push/pull and lift/carry greater than 20 lbs. with her right upper extremity. She should tolerate all other work related activities in this regard.

[Id.]. Dave Shively submitted a vocational analysis on December 3, 2009 in which he concluded that Plaintiff could perform the past relevant work of Sewing Machine Operator II. [Tr. 241-43].

7

### B. *Other Evidence*

After remand, Plaintiff appeared before ALJ Sparks at a supplemental hearing on June 4, 2012. [Tr. 21-30]. Plaintiff testified that she ceased all work in January 2011 because her "early retirement started." [Tr. 25]. Plaintiff stated that she could walk and stand for 30-40 minutes, had trouble bending, stooping, and squatting, could sit for 20-30 minutes without a break, and lift 15-20 pounds. [Tr. 25-26]. She testified that she performs daily activities such as shopping, laundry, and cooking. [Tr. 26-27]. Vocational expert ("VE"), Karen Jernigan, was present at the hearing but did not testify. [See Tr. 21-30].

The ALJ issued an unfavorable decision on July 19, 2012. [Tr. 6-20]. The ALJ assessed Plaintiff with the residual functional capacity to perform light work, [Tr. 12], finding that although Plaintiff's impairments could be expected to cause some of the alleged symptoms, the Plaintiff's reports of their "intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" [Tr. 13]. The ALJ noted Plaintiff's treatment with Dr. Hyatt but did not grant Plaintiff's treating physicians any weight because the "record does not contain any opinions from any treating physicians indicating that claimant is disabled[.]" [Tr. 15]. Dr. Summers was assigned great weight due to the credibility of his assessment and its consistency with the record. [Tr. 14]. In determining that Plaintiff could perform a range of light work, the ALJ relied on the Plaintiff's self-reported daily activities and conservative medical treatment. [Tr. 13]. The ALJ noted that:

> The record reveals relatively infrequent trips to the doctor for the allegedly disabling symptoms. The claimant never sought or received treatment from a specialist; and a general practioner rendered all treatment . . . Moreover, the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."

[Id.]

8

The ALJ assigned state agency medical consultants no weight because their assessments that Plaintiff could perform "medium exertion work are not entirely consistent with the evidence." [Tr. 15]. Based on Plaintiff's assessed RFC, the ALJ determined that Plaintiff could perform past relevant work as a seamstress and housekeeper/residential house cleaner. [Id.]. The ALJ relied on the state agency vocational analysis which determined that Plaintiff had past relevant work as a Sewing Machine Operator, classified in the Dictionary of Occupational Titles ("DOT") as light, semi-skilled work. [Tr. 15]. The ALJ also noted that Plaintiff included sewing as a pastime. [Id.]. The ALJ found that Plaintiff most recently worked as a housekeeper and that under the DOT, Housekeeper is classified as light, unskilled work. [Id.]. Plaintiff appealed this decision and the Appeals Council declined review on November 13, 2013. [Tr. 4-5; 1-3].

V.      POSITIONS OF THE PARTIES

Plaintiff argues that the ALJ's determination that she can perform past relevant work is not based on substantial evidence. Plaintiff contends that the ALJ failed to explain his findings regarding her physical limitations in conjunction with the physical demands and postural requirements of her past work and erred in not setting forth her functional limitations with specificity. Plaintiff further argues that the ALJ incorrectly identified Plaintiff's past work as a residential cleaner because she has not performed such work as a substantial gainful activity ("SGA") in the past fifteen years. Plaintiff contends that the ALJ's error is not harmless because the ALJ should have found her unable to perform her past relevant work and allowed the burden to shift to the Defendant to show that she could perform other work in the national economy. Although not included in Plaintiff's argument, Plaintiff makes reference to the ALJ's failure to hear testimony from the vocational expert and his reliance on the vocational analysis by Dave

Shively. Plaintiff concludes that this case should be remanded and that upon remand a VE should testify in order to aid the ALJ in reevaluating Plaintiff's functional limitations and ability to perform past relevant work.

The Commissioner responds that there is substantial evidence to support the ALJ's evaluation of the Plaintiff's functional limitations and that the ALJ's RFC determination is consistent with the medical opinions of Dr. Summers. The Commissioner argues that there is substantial evidence to support the ALJ's finding that Plaintiff could perform past relevant work and that his reliance on the vocational analysis was proper. The Commissioner contends that Plaintiff's past work as a cleaner did qualify as SGA, and that regardless, the ALJ's determination is based on substantial evidence due to his determination that Plaintiff could perform work as a Sewing Machine Operator. The Commissioner concludes that Plaintiff's argument that the ALJ erred in not proceeding to step five is in error because she failed to meet her burden of proving that she was unable to perform past relevant work.

## VI. ANALYSIS

The Court will address each of the issues presented by Plaintiff in turn.

### A. Whether Substantial Evidence Supports the ALJ's Decision that Plaintiff Can Perform Past Relevant Work

The Court finds that the ALJ's decision that Plaintiff can perform past relevant work is not based on substantial evidence. The plaintiff bears the burden of proof at the first four steps of the disability analysis, and if successful, the burden shifts to the Commissioner at step five. Walters, 127 F.3d at 529. The Court finds that the Plaintiff met this burden.

#### *1. Whether the ALJ's RFC determination was based on substantial evidence.*

In order to assess the ALJ's decision that Plaintiff is capable of performing past relevant

10

Case 3:14-cv-00006-TAV-HBG Document 19 Filed 10/23/14 Page 10 of 16 PageID #: 501

work, the Court must first inquire as to whether the ALJ's RFC determination was based on substantial evidence. The Court does so and finds in the affirmative.

An ALJ is responsible for determining a plaintiff's RFC after reviewing all the relevant evidence of record. Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013). An ALJ may consider both medical and non-medical evidence in reaching an RFC determination. Id. A plaintiff's RFC is the most a plaintiff can do despite his or her impairments. 20 C.F.R. § 404.1545(a)(1). In other words, the RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 240 (6th Cir. 2002). Moreover, "'[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other.'" Griffeth v. Comm'r of Soc. Sec., 217 F. App'x 425, 429 (6th Cir. Feb. 09, 2007) (quoting Yang v. Comm'r of Soc. Sec., No. 00–10446–BC, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004)).

A court will not disturb an ALJ's RFC determination so long as the finding is supported by substantial evidence. Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003). However, in determining a claimant's RFC, the ALJ must "make findings of fact" as to her functional and physical limitations. Simpson v. Colvin, 3:11-0481, 2013 WL 4456383, at *17 (M.D. Tenn. Aug. 16, 2013) adopted by, 3:11-CV-00481, 2013 WL 4780082 (M.D. Tenn. Sept. 4, 2013). Further, the ALJ "must 'articulate with specificity reasons for the findings and conclusions that he or she makes' to facilitate meaningful judicial review." Wright v. Astrue, 1:07-CV-226, 2009 WL 890051 (E.D. Tenn. Mar. 26, 2009) (quoting Bailey v. Comm'r of Soc. Sec., 1999 WL 96920, *4, (6th Cir. Feb. 2, 1999)).

11

Here, the ALJ's RFC determination is based on substantial evidence. The ALJ made findings of fact regarding Plaintiff's functional and physical limitations and articulated his reasons so that a subsequent reviewer could understand the basis of his evaluation. The ALJ not only weighed the medical evidence, explaining why Dr. Summers was granted great weight, but considered Plaintiff's medical records with the evidence as a whole. In assessing Plaintiff's RFC, the ALJ also took into consideration her self-reported daily activities, obesity, and lack of significant medical treatment. [See Tr. 12-15].

Although the ALJ failed to articulate specific exertional limits as to Plaintiff's ability to bend, stoop, kneel, squat, crouch, crawl, and climb, the Court finds this error harmless. The ALJ specifically found that Plaintiff could perform a range of light work, that she was limited to lifting no more than twenty pounds, and that she was limited in her ability to "elevate her right arm overhead, as well as reach/push/pull due to shoulder pain." [Tr. 12]. The ALJ's finding that Plaintiff "will have difficulty bending, stooping, kneeling, squatting, crouching, crawling, and climbing" adequately reflects the ALJ's belief that Plaintiff will have limitations in these areas. The Court finds that the ALJ's RFC is set forth with sufficient specificity and that the ALJ's reasons for this determination are clearly articulated in his opinion. Therefore, the ALJ's RFC determination is based on substantial evidence.

### 2. *Whether the ALJ properly considered Plaintiff's ability to perform past relevant work.*

Although the ALJ's determination of Plaintiff's RFC is based on substantial evidence, his decision that Plaintiff could perform past relevant work is not. "A claimant bears the burden of proving she cannot perform her past relevant work either as she performed the job or as the job is generally performed in the national economy." Ellis v. Astrue, No. 3:11-CV-535, 2012 WL

5304203, at *5 (E.D. Tenn. Oct. 4, 2012) adopted by No. 3:11-CV-535, 2012 WL 530420, at *1 (E.D. Tenn. Oct. 25, 2012) (citing Studaway v. Sec'y of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987)). However, "the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job[.]" D'Angelo v. Comm'r of Soc. Sec., 475 F. Supp. 2d 716, 723 (W.D. Mich. 2007); see also 20 C.F.R. § 404.1520(f) (explaining that "we will compare our residual functional capacity assessment . . . with the physical and mental demands of your past relevant work."); Simpson v. Colvin, 3:11-0481, 2013 WL 4456383, at *17 ("the ALJ must 'explain *why* the plaintiff can perform the demands and duties' of her past work." (quoting D'Angelo, 475 F. Supp. 2d at 723-24) (emphasis in the original).

An ALJ may obtain evidence about the requirements of a claimant's past relevant work from many sources. An ALJ "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles'" for the information he needs to obtain evidence to help him determine if the claimant is capable of performing past relevant work, in accordance with claimant's RFC. 20 C.F.R. § 404.1560(b)(2).

Significantly, an ALJ is not required to obtain vocational expert testimony. See id. Our appellate court has made clear that an ALJ is "not required to solicit testimony from a VE in reaching his conclusion" that a claimant is capable of performing past relevant work. Wright-Hines v. Comm'r of Soc. Sec., 597 F.3d 392, 395 (6th Cir. 2010); see 20 C.F.R. § 404.1560(b)(2) ("[w]e *may* use the services of vocational experts . . . to help us determine whether you can do your past relevant work [.]") (emphasis added); see also Griffeth, 217 F. App'x. at 429 ("[t]he regulations *permit* an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC.") (emphasis added).

13

In this case, the ALJ found that the Plaintiff was capable of performing her past relevant work as a Sewing Machine Operator II and Housekeeper/Cleaner. In determining the requirements of the Plaintiff's past relevant work, the ALJ appropriately relied upon the Dictionary of Occupational Titles ("DOT"). See 20 C.F.R. §§ 404.1560(b)(2); 416.960(b)(2) (stating that the DOT is an appropriate resource). The ALJ explained that a Sewing Machine Operator was classified as light, semi-skilled work in the DOT and noted that, "[o]f interest is an intake form from Cherokee Health Systems showing the claimant's pastimes as TV and *sewing*." [Tr. 15] (emphasis in the original). The ALJ went on to rely on the DOT classification of "general housekeeper for light housekeeping" as light, unskilled work." [Id.]. The ALJ found that the Plaintiff is capable of performing the "physical and mental demands of this work," and that these positions do "not require the performance of work-related activities precluded by claimant's residual functional capacity." [Tr. 15].

However, because the ALJ relied on the DOT's descriptions of Sewing Machine Operator II and Housekeeper/Cleaner, these positions must be compatible with Plaintiff's assessed RFC. Such compatibility is lacking here. Although section 787.682-058, Sewing Machine Operator II, is classified as light work limited to exerting up to twenty pounds occasionally, the position includes "constant" reaching (classified as existing at least two thirds of the time). U.S. Dep't of Labor, Dictionary of Occupational Titles § 787.682-058, 1991 WL 681103 (4th Ed. 1991). This requirement is in direct contradiction to the ALJ's finding that the Plaintiff is limited in her ability to "reach/push/pull due to shoulder pain." [Tr. 12]. The Court notes the same problem in section 323.687-014, Cleaner, Housekeeping. Although the ALJ is correct in noting that this is light unskilled work and similarly limited to "exerting up to 20 pounds occasionally" (which is classified as 1/3 of the time), the position requires occasional

14

stooping, kneeling, and crouching, and frequent reaching. U.S. Dep't of Labor, <u>Dictionary of Occupational Titles</u> § 323.687-014, 1991 WL 672783 (4th Ed. 1991). The ALJ specified that Plaintiff's RFC included "difficulty bending, stooping, kneeling, squatting, crouching, crawling, and climbing." [Tr. 12]. The ALJ went on to state that these positions do "not require the performance of work-related activities precluded by claimant's residual functional capacity." [Tr. 15]. However, based on the DOT's descriptions, upon which the ALJ properly relied, this statement is clearly in error. The ALJ chose to rely on the DOT in determining if Plaintiff could perform her past work. By so doing, the ALJ was required to make sure the DOT descriptions were compatible with Plaintiff's assessed RFC. <u>See</u> 20 C.F.R. § 404.1560(b)(2) (explaining that the ALJ can consider the DOT in order to "determine if the claimant is capable of performing his past relevant work, *in accordance with his RFC*.) (emphasis added); <u>Griffeth</u>, 217 F. App'x. at 429 (explaining that an ALJ determines "whether a claimant can do his past relevant work, *given his RFC*.") (emphasis added). The Court finds that the job descriptions for Sewing Machine Operator II and Housekeeper/Cleaner included functional requirements prohibited by Plaintiff's assessed RFC.

Therefore, the Plaintiff is correct in asserting that her RFC is incompatible with her past relevant work. The Court finds this error was not harmless because it precluded the ALJ's analysis from proceeding to step five, which would have shifted the burden to the Commissioner to prove that there is "other work [that] exists in the national economy that accommodates [her] residual functional capacity[.]" <u>Walters</u>, 127 F.3d at 529. Accordingly, the Plaintiff's allegation of error in this regard is well-taken.

**B. Whether the Plaintiff's Past Work as a Housecleaner/Housekeeper Qualifies as SGA**

The Court finds that this argument is moot because regardless of whether Plaintiff's past

15

work as a housecleaner/housekeeper qualifies as SGA, such a position does not match her assessed RFC and there is not substantial evidence that she can perform the position of Housekeeper/Cleaner as set forth in the DOT.

**C. Whether the ALJ Erred in Not Proceeding to Step Five of the Disability Analysis.**

The Court concurs in Plaintiff's argument that the ALJ erred in not proceeding to step five of the disability analysis for the reasons set forth herein.

**VII. CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Judgment on the Pleadings, **[Doc. 14],** be **GRANTED,** and that the Commissioner's Motion for Summary Judgment, **[Doc. 16],** be **DENIED.**

Accordingly, it is further **RECOMMENDED** that the District Court order:

- The ALJ to reconsider whether Plaintiff is capable of performing past relevant work in accordance with her assessed RFC; and

- If necessary, based on the ALJ's determination at step four, the ALJ shall continue to step five of the disability analysis.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).