UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LINDA FAYE ENGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:14-CV-6 |
| ) | (VARLAN/GUYTON) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"). [Doc. 21]; see 28 U.S.C. § 2412(d). Plaintiff moves the Court to enter an order awarding attorney fees in the amount of $4,265.70 under the EAJA. [Doc. 21]. The Commissioner filed a Response [Doc. 22] offering no objection to Plaintiff's request for attorney fees.

**I.     BACKGROUND**

On April 11, 2014, Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 14 & 15]. On October 23, 2014, this Court filed a Report and Recommendation recommending that Plaintiff's Motion for Judgment on the Pleadings be granted and her case remanded for the ALJ to reconsider whether Plaintiff was capable of performing past relevant work in accordance with her assessed RFC. [Doc. 19]. On November 13, 2014, the District Court adopted the Report and Recommendation and ordered that Plaintiff's

1

Motion for Judgment on the Pleadings be granted. [Doc. 20].

**II.    ANALYSIS**

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist; and
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will first address whether all four conditions are met for an EAJA award, and then analyze whether the requested EAJA award is reasonable.

**A.    Plaintiff is the Prevailing Party**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds the first condition for granting fees under the EAJA has been met.

**B.    The Commissioner's Position Was Without Substantial Justification**

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose an award for EAJA attorney fees. [Doc. 22]. The Commissioner has thereby conceded that her position in this matter was not substantially justified.

Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

C.      **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds that the third condition for granting fees under the EAJA has been met.

D.      **The Plaintiff's Request for an Award of Fees is Timely**

On February 11, 2015, Plaintiff moved for a total fee amount of $4,265.70.[1] [Doc. 21]. This motion included a proper application for fees and was filed within 30 days of the final judgment in this matter. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'. . . in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment[.]'") (quoting Fed. Rules App. Proc. 4(a)(1) & (7)).

Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

E.      **The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has no opposition to Plaintiff's request for attorney fees and reimbursement for costs and expenses, and she has conceded that the Plaintiff is entitled to $4,265.70 in attorney fees.

The Court has considered the amount requested, and the Court finds that the fees requested are reasonable.

---

[1] 24.1 attorney hours at a rate of $177.00 per hour. [Doc. 21; 21-1].

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion [Doc. 21] is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees **[Doc. 21]** pursuant to the Equal Access to Justice Act ("EAJA") be **GRANTED**, and a judgment awarding Plaintiff the amount of $4,265.70 for attorney fees be entered.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).